UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS, IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 20-CR-00101 |
| Plaintiff | ) | |
| vs. | ) | BRIEF IN SUPPORT OF |
| | ) | MOTION TO SUPPRESS |
| NATHAN NOSLEY, | ) | EVIDENCE |

**FACTS**

On Dec. 16, 2020, a grand jury returned a six-count superseding indictment alleging offenses that were to have occurred from May 2017 up until March 2020. The evidence against Nosley was primarily gathered through search warrants obtained by Officer Michael McVey of the Iowa DCI Cyber Crimes Unit.

Officer McVey applied for a search warrant in an Iowa District Court on or about Sept. 20, 2019.[1] In his application for a search warrant, Officer McVey mentioned that his office assisted with the investigation of an ad on Craigslist that led them to Nosley's gmail account. The Craigslist ad and emails occurred in May of 2017, over two years prior to McVey's application for a search warrant.

**ISSUES PRESENTED**

1) Whether the search warrants were invalid because they were based on emails that were over two years old, without any additional indicia that Nosley was continuing to engage in prohibited activities or that he was a "collector" of child pornography that would likely have retained those types of images?

---

[1] Nosley will be filing a motion to file exhibits under seal, such as the warrant application, due to the nature of this case.

Case 1:20-cr-00101-CJW-MAR   Document 29-1   Filed 01/04/21   Page 1 of 8

2) Whether the warrants were invalid because they lacked a 'nexus' between the crimes and Nosley's car, personal items, and electronics found in his car?

3) If the warrants were invalid, does the <u>Leon</u> "good faith exception" to the warrant requirement apply if the law enforcement officer misled the Court regarding the identity of a subject in two images referenced in the warrant application?

**ARGUMENT: The initial warrant for the information from Google (gmail) was invalid because it was based on stale information.**

The Fourth Amendment to the U.S. Constitution provides a right "of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." <u>U.S. Const. Amend. IV</u>. As a general rule, "reasonableness" requires law enforcement officers to demonstrate "probable cause" and obtain a warrant (unless a recognized warrant exception applies) before conducting searches or seizures. Information in a warrant application is "stale" if the information is so old that a reviewing Court cannot determine that the facts set forth in the application raise a "fair probability" that evidence of a crime will be found at the particular location and property to be searched. <u>See</u> <u>United States v. Lemon</u>, 590 F.3d 612, 614–16 (8th Cir. 2010).

In the context of computer crimes, the Courts have recognized that images and data are often saved for years, and therefore, there is no "bright line" rule on when information becomes stale. <u>Id</u>. Rather, whether information is stale, and does not raise a "fair probability" that contraband will be found at a particular place and property to be searched, must be made on a case-by-case basis.

In <u>Lemon</u>, supra, for instance, the Court noted that:

> Although the last known exchange of child pornography occurred in
> December 2006, Officer Haider cited evidence that the IP address and b2003
> screen name were used in April 2008. These facts supported the inference
> that Lemon was still trading child pornography, particularly when coupled
> with Officer Haider's explanation that Lemon's behavior in November and
> December 2006 was indicative of a preferential collector who would maintain
> his collection for a long period of time. <u>Id</u>. at 614-615.

Ultimately, in <u>Lemon</u>, the Court held that:

> The evidence in the warrant application established that Lemon was
> interested in child pornography and that he had traded a significant amount
> of it on four occasions in late 2006. That information, augmented by Officer
> Haider's expert testimony and evidence that the screen name and IP address
> were still in use, was sufficient to create a fair probability that a search of
> Lemon's apartment would yield child pornography.

On another occasion, the Eighth Circuit reviewed a warrant application where:

> The affidavit supporting the search warrant also detailed Johnson's sexual
> assaults of Jane Doe over several months, including sexual intercourse.
> These facts established a link between Johnson and Jane Doe, and the
> photographs sought. Unlike in *Zimmerman*, where there was no evidence the
> issuing court could rely upon to presume the defendant retained any relevant

images (let alone any child pornography), here the issuing court could reasonably rely upon the presumption that Johnson would retain images of evidentiary value (including child pornography) in finding probable cause supported the warrant. <u>See United States v. Summage</u>, 481 F.3d 1075, 1078 (8th Cir. 2007) (presuming the defendant "would maintain in his possession the video and photographs that he made of the sexual encounter").

<u>United States v. Johnson</u>, 848 F.3d 872, 877–79 (8th Cir. 2017).

In Nosley's case, the warrant application is remarkably different than the warrant applications in <u>Lemon</u> and <u>Johnson</u>. The facts specific to the gmail account that McVey sought to search was a series of emails in May of 2017, through Craigslist, linked to a gmail account. Officer McVey did not have information that the gmail account traded a "significant amount" of child pornography, as was the case in <u>Lemon</u>, nor did McVey indicate that the emails were indicative of a collector or distributor who would retain images.

McVey seemed to insinuate that the image emailed in May of 2017 (redacted) was of a girl that Nosley was acquitted of abusing earlier in 2017. The two images do not appear to be the same girl. Nosley posits that McVey wanted the Court to believe the images were the same girl so that the Court would believe that images of sexual abuse were retained on the gmail account. If that were the case, then the Court could rely on the Johnson case in finding that there was a fair probability that contraband would be found in the gmail account. Conversely, if the image was

Case 1:20-cr-00101-CJW-MAR   Document 29-1   Filed 01/04/21   Page 4 of 8

unconnected to Nosley, there would have been less reason to think that any of Nosley's property would have contained child pornography or contraband.

In sum, the information in the warrant application was over two years old. Officer McVey did not set forth any reasons to believe that the gmail account was involved in ongoing activity or belonged to an ongoing "collector" or "distributor" of child pornography. Nosley requests the Court find that the warrant was invalid because the information was stale.

**ARGUMENT: The search warrant was invalid because it lacked a nexus between the contraband and the place to be searched.**

In order to support an application for a search warrant, "[t]here must be evidence of a nexus between the contraband and the place to be searched." United States v. Tellez, 217 F.3d 547, 550 (8th Cir. 2000)). Factors to consider in determining if a nexus exists include "the nature of the crime and the reasonable, logical likelihood of finding useful evidence." United States v. Etheridge, 165 F.3d 655, 657 (8th Cir. 1999)).

On or about March 20, 2020, Officer McVey applied for a search warrant for Nosley's vehicle and person. McVey's application for the search warrant recites the Craigslist emails and images. Additionally, McVey states that he found a google photo of what appears to be a 12-16 year-old girl exposing her breasts. McVey indicates that he found the google photo when reviewing the results of the gmail search warrant application. If the evidence above was stale, and the google search invalid, then the evidence recovered from the March, 2020, search of Nosley and his

vehicle must be suppressed as fruit of the poisonous tree.  See Wong Sun v. United

States, 371 U.S. 471, 488, 83 S. Ct. 407, 417, 9 L. Ed. 2d 441 (1963).

The March 2020 warrant is not specific as to when the new evidence

(screenshot) was created, and therefore, the application may also be based on "stale"

information, similar to the gmail search warrant application.  Finally, the warrant

application does not contain a nexus between Nosley, his vehicle, and the

contraband.  Without having more details on the dates of creation of the videos,

locations, etc., the Court could not critically evaluate the logical possibility of

finding contraband on Nosley's person or in the vehicle that he was driving in

March of 2020.

**ARGUMENT: The <u>Leon</u> good faith exception to the warrant requirement
does not apply because Officer McVey appears to have been trying to
mislead the Court regarding two images, and he omitted important details
regarding the images.**

Because McVey sought and obtained a warrant, the Court must evaluate

whether the evidence is admissible alternatively under the *Leon* good-faith

exception because "it was objectively reasonable for the officer executing a search

warrant to have relied in good faith on the judge's determination that there was

probable cause to issue the warrant." United States v. Leon, 468 U.S. 897, 104 S.Ct.

3405, 82 L.Ed.2d 677 (1984). "In assessing whether the officer relied in good faith on

the validity of a warrant, we consider the totality of the circumstances, including

any information known to the officer but not included in the affidavit...." United

States v. Grant, 490 F.3d 627, 632 (8th Cir. 2007).

Nosley is alleging that Officer McVey acted improperly in his applications for the search warrants, and therefore, <u>Leon</u> does not apply. When considering such allegations, the U.S. Supreme Court has set forth the following test:

> Whether a reasonably well-trained officer would have known that the search was illegal in light of all the circumstances. . . .There must be allegations of deliberate falsehood or of reckless disregard for the truth, and [a]llegations of negligence or innocent mistake are insufficient.

<u>Herring v. United States</u>, 555 U.S. 135, 145, 129 S. Ct. 695, 703, 172 L. Ed. 2d 496 (2009).

In Nosley's case, it appears relatively clear that McVey misrepresented the nature of the images that were emailed in May of 2017. The images do not appear to be of the same victim. McVey is a highly trained, experienced, computer expert, yet he left out details of when the screen shot appeared to have been created, any location data that google would have had in terms of the images, and other details that could have inculpated or exculpated Nosley. For those reasons, if the Court finds that the warrants were invalid because they lacked probable cause, Nosley requests the Court grant his remedy to suppress the evidence on the attached Inventory.

Respectfully submitted,

/s/ Dan Vondra

_____
Dan Vondra, AT 0008084
Vondra Law Office PLC

7

745 Community Dr., Unit C
Iowa City, IA 52240
(319) 438-2888
dan@vondralawoffice.com

CERTIFICATE OF SERVICE
I hereby certify that on Jan. 4, 2020, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

/s/ Dan Vondra
_____