UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 20-CR-00101 |
|     Plaintiff | ) | |
| vs. | ) | TRIAL MEMORANDUM |
| | ) | |
| NATHAN NOSLEY, | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

COMES NOW, Defendant, by and through counsel, and files trial memorandum. Trial is currently scheduled for June 7, 2021, with a final pre-trial conference scheduled for June 1, 2021.

## The Charges Against the Defendant

The Grand Jury returned a superseding indictment charging Defendant with one count of Sexual Exploitation of Children in violation of 18 U.S.C. Sections 2251(a) and 2251(e), one count of Distribution of Child Pornography in violation of 18 U.S.C. Sections 2252(a)(2) and 2252(b)(1), one count of Receipt of Child Pornography in violation of 18 U.S.C. Sections 2252(a)(2) and 2252(b)(1), three counts of Possession of Child Pornography in violation of 18 U.S.C. Sections 2252A(a)(5)(B) and 2252A(b)(2), and one count of Accessing Child Pornography in violation of 18 U.S.C. Sections 2252A(a)(5)(B) and 2252A(b)(2).

## Contested Issues

The Defendant asserts that the government cannot meet its burden of proof regarding every single charge and element of the offense. Depending on the government's witnesses and exhibits, the defense expects to make several objections

during trial relating to the relevancy of certain evidence relating to a case in which Defendant was acquitted of sexual abuse of a minor in State Court. The defense may call one witness, a forensic computer analyst, as part of the defense's case in chief, or as impeachment evidence, depending on the testimony and cross-examination of the government's computer expert. The defendant does not anticipate having any exhibits.

The Defendant's objections to the jury instructions referenced a potential Constitutional challenge that defendant may raise depending on the trial evidence. First, the defense has noted that he believes a mistake of fact, age of the victim, jury instruction will be warranted. If the affirmative defense is warranted, and the Court denies the instruction based on current 8th Circuit case law, the Defendant will preserve that issue for appellate review.

The other issue that may arise, depending on the dates, birthdates, and when certain photographs were sent, and when certain conversations occurred, is whether Count I, sexual exploitation of a minor, is an unconstitutional violation of the defendant's right to privacy. The age of consent is 16, and if the telephone and images involved in this case were to be considered part of a consensual sexual relationship between a 16-year-old and defendant, that conduct might be protected under the "penumbra" of rights guaranteed in the First, Third, Fourth, and Fifth Amendments to the U.S. Constitution. *See e.g., Carey v. Population Servs., Int'l,* 431 U.S. 678, 679, 97 S. Ct. 2010, 2013, 52 L. Ed. 2d 675 (1977); *Lawrence v. Texas,* 539 U.S. 558, 123 S. Ct. 2472, 156 L. Ed. 2d 508 (2003); *Griswold v. Connecticut,*

381 U.S. 479, 85 S. Ct. 1678, 1679, 14 L. Ed. 2d 510 (1965); *Eisenstadt v. Baird,* 405 U.S. 438, 92 S. Ct. 1029, 31 L. Ed. 2d 349 (1972).

Date: May 31, 2021.

Respectfully submitted,

/s/ Dan Vondra
_____
Dan Vondra, AT 0008084
Vondra Law Office PLC
745 Community Dr., Unit C
North Liberty, IA 52317
(319) 438-2888 (business line)
dan@vondralawoffice.com

CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2021, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

/s/ Dan Vondra
_____