IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 20-101-CJW-MAR |
| Plaintiff, | ) |
| vs. | ) |
| NATHAN NOSLEY, | ) |
| Defendant. | ) GOVERNMENT'S TRIAL |
| | ) MEMORANDUM |

## I. PRE-TRIAL STATEMENT AS TO STATUS OF CASE

A. Trial is set for Monday, June 7, 2021, at the United States Courthouse in Cedar Rapids, Iowa, before the Honorable Judge C.J. Williams.

B. The government estimates the trial will last three days.

C. Defendant is detained.

D. The government does not propose that a jury be waived.

E. Defendant is charged in a seven-count superseding indictment. Count 1 charges him with sexual exploitation of children under 18 U.S.C. §§ 2251(a) and 2251(e). Count 2 charges him with distribution of child pornography under 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). Count 3 charges him with receipt of child pornography under 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). Counts 4, 6, and 7 charge him with possession of child pornography under 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Count 5 charges him with accessing child pornography under 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2).

1

## II. PRE-TRIAL OPENING STATEMENT

Defendant engaged in sexually explicit communications with two girls; more information on the victims is contained in the government's sealed motion in limine. Both victims are anticipated to testify regarding their communications with defendant, which occurred primarily through Snapchat. Sexually explicit depictions of the victims were on a Samsung Galaxy J7 cell phone, a SanDisk micro SD card that was inside that phone, and a Samsung Galaxy A20 cell phone; these items were seized from defendant during the execution of a search warrant in March 2020. Depictions of the older victim, including a sexually explicit depiction, were found in defendant's Snapchat account.

In April and May of 2017, defendant used Gmail to exchange e-mails with another male he met on Craigslist. He e-mailed an image of child pornography to the male, and he e-mailed a clothed picture of a separate eight-year-old girl he claimed was available for sexual purposes. Defendant had been acquitted in state court of molesting the latter girl earlier in April of 2017. In September of 2020, defendant communicated with this girl's mother on Facebook and Snapchat. In his Snapchat messages, he admitted to molesting the girl.

In March of 2018, defendant used Gmail to e-mail child pornography to others he had met on Craigslist. The government will discuss this more specifically at the pretrial conference.

Defendant possessed other child pornography, including depictions of prepubescent children, on the micro SD card, and he accessed child pornography using the Samsung Galaxy J7 cell phone.

## III. EVIDENTIARY ISSUES

### A. Authentication Pursuant to Rule 902(11) and/or Rule 902(13)

As outlined in the government's notice pursuant to Federal Rule of Evidence 902(11), defendant will not agree to any stipulations with the government. Therefore, the government intends to offer certifications pursuant to Rule 902(11) and/or Rule 902(13). Redacted copies of these certifications are attached.

### B. Evidence Excluded by Rule 412

In his resistance to the government's motion in limine, defendant argues that he should be able to cross-examine the victims about sexually explicit communications with others in part because the "images could have been produced at someone else's direction . . . ." (Defendant's Resistance to Motion in Limine at 2).

First, "a party seeking to introduce evidence of a victim's other sexual behavior under one of Rule 412's exceptions must 'file a motion that specifically describes the evidence and states the purpose for which it is to be offered' no less than 14 days before trial. Fed. R. Evid. 412(c)." *United States v. Betts*, 911 F.3d 523, 528 (8th Cir. 2019). Defendant has not done this, and his proposed cross-examination would allow him to ask about any sexual communications the victims had with other males.

Second, in *United States v. Mayer*, No. C 12-4114-MWB, 2015 WL 3485616 (N.D. Iowa June 2, 2015) (unpublished), the court rejected a similar argument, finding that counsel was not ineffective in not seeking to admit evidence at trial that the minor victim "had offered to send pictures to another man," because this evidence would have been excluded under Rule 412. *Id*. at *12-13. Defendant's

3

interpretation of Rule 412 would largely eliminate the rule in cases involving online child sexual exploitation offenses.

The government anticipates that the parties will discuss the specifics of this issue at the pretrial conference.

C. **Evidence Pursuant to Rule 414**

As outlined in its notice pursuant to Federal Rule of Evidence 414, the government intends to introduce evidence that defendant sexually abused the child referenced above. While defendant was acquitted of this offense based upon the information the jury had in 2017, the acquittal is not relevant and constitutes hearsay. In *United States v. Oakie*, 993 F.3d 1051 (8th Cir. 2021), where the government introduced evidence under Rule 414 and the defendant appealed the exclusion of his acquittal, the court held that the acquittal was irrelevant, hearsay, and inadmissible for impeachment purposes. *Id.* at 1053-54.

D. **Intrinsic Evidence of Consciousness of Guilt**

The government also intends to introduce evidence that, on November 20, 2020, when defendant was arrested, he pulled out a loaded gun, and he assaulted and interfered with law enforcement officers.[1] The government intends to introduce evidence related to this conduct as intrinsic to the case because it is evidence of consciousness of guilt. *United States v. Graham*, 548 F.2d 1302, 1313 n.13 (8th Cir. 1977); *United States v. Peltier*, 585 F.2d 314, 323 n.7 (8th Cir. 1978); *United States v. Howard*, 977 F.3d 671, 676-77 (8th Cir. 2020); *United States v. Hall*, 100 Fed. R.

---

[1] Defendant has been indicted in Southern District of Iowa case number CR 21-46-RP-HCA, but he has not made an initial appearance on this indictment.

Evid. Serv. 715, No. CR 15-55-LRR, 2016 WL 3198289, *5 (N.D. Iowa June 8, 2016) (unpublished). If the Court were to determine that this evidence was not intrinsic to the case, alternatively, the government would seek admission of this evidence under Rule 404(b) to show consciousness of guilt.

E.     **Evidence of Inscriptions on Electronic Items**

The government intends to offer the Samsung Galaxy J7 cell phone, the SanDisk micro SD card, and the Samsung Galaxy A20 cell phone, or photographs of these three items, to establish that they were manufactured outside of Iowa. The inscriptions on these items are not hearsay. *See United States v. Koch*, 625 F.3d 470, 479-80 (8th Cir. 2010) (holding district court did not abuse its discretion in denying the defendant's hearsay objection and admitting testimony that computer and flash drive were labeled as having been manufactured abroad); *United States v. Huether*, 673 F.3d 789, 795-96 (8th Cir. 2012) (citing *Koch* and holding no Confrontation Clause violation occurred when district court admitted testimony that labels on hard drives showed they were manufactured outside the United States).[2]

---

[2] In *United States v. Pina*, 190 F. Supp. 3d 748 (S.D. Ohio 2016), the court stated that a circuit split existed on this issue, and it found manufacturers' inscriptions were hearsay. *Id.* at 750-51. However, it admitted evidence of a country of origin label on a computer under the residual hearsay exception in Federal Rule of Evidence 807. *Id.* at 751-52. Here, while the inscriptions on the electronic items in this case are not hearsay, in the event that the court ruled that they were, the government alternatively argues that they are admissible under Rule 807.

## F. Expert Testimony

Because the two cell phones referenced in the indictment were sent to a Homeland Security Investigations (HSI) office in Texas for extraction, in the absence of a foundational stipulation, the government intends to call two HSI forensic experts: Special Agent Stephen Allen and Special Agent Demetrio Medina. The testimony of Special Agent Allen and Special Agent Medina may include but not be limited to testimony regarding the following matters, in general terms and/or as applied to this case: (1) their knowledge, skill, training, and experience with digital evidence and with child pornography investigations; (2) their involvement in the extraction of data and examination of electronic items in this case and explanation of the data found; (3) their receipt of evidence and the process used to examine the evidence; (4) terminology and information regarding data on electronic devices, including data relating to applications including but not limited to Snapchat, Kik Messenger, VLC, and Gmail; (5) visual depictions, including depictions of child pornography, that were found on electronic items and data related to these depictions, including but not limited to timestamps and locations on the devices; (6) the explanation of data on exhibits to be offered into evidence, including but not limited to timestamp and path information; and (7) other evidence related to the examinations or their knowledge of digital evidence. Although most of this testimony will be factual in nature, to the extent that this testimony involves opinions, these opinions will be based on the information found in examining the evidence, their training, research, and experience, and information obtained from other forensic examiners.

Special Agent Allen's training and certifications include a CompTIA A+ certificate for hardware and software in June 2016, a basic computer evidence recovery training class at the Federal Law Enforcement Training Center in May 2017, a basic mobile forensics training in August 2018, an advanced mobile forensics training in February 2019, an advanced computer evidence recovery training in March 2019, and a global information assurance certification (GIAC) for the Windows operating system in November 2020.

G.  Rule 615

Defendant has hired an expert witness who has spent approximately three and a half days reviewing and examining electronic evidence in this case on April 23, April 29, April 30, and May 7, 2021. Pursuant to Federal Rule of Evidence 615, the government requests that the Court order that the parties' expert witnesses be excluded from the courtroom so they cannot hear other witnesses' testimony.

In *United States v. King*, No. CR 15-87-LTS, 2016 WL 4099185 (N.D. Iowa 2016) (unpublished), in rejecting the government's request that the parties' experts be allowed to listen to each other's testimony, the court cited *United States v. Klaphake*, 64 F.3d 435 (8th Cir. 1995), and concluded that the exception in Rule 615(c) did not apply:

> With regard to this exception, the Eighth Circuit Court of Appeals has stated: "A party seeking to exempt a witness from a sequestration order must show that the witness has such specialized expertise or intimate knowledge of the facts that the party could not effectively function in the witness's absence." *United States v. Klaphake*, 64 F.3d 435, 437 (8th Cir. 1995) (citing *United States v. Agnes*, 753 F.2d 293, 306-07 (3d Cir. 1985)). In light of *Klaphake*, this court has noted that merely establishing that a witness's presence in the courtroom would be "helpful" is not enough to satisfy Rule 615(c). *United States v. Ortiz*,

7

> 10 F. Supp. 2d 1058, 1061, 1066-67 (N.D. Iowa 1998) (holding that the defendant established that the presence of his investigator was "essential").

2016 WL 4099185 at *1. The court stated:

> As a matter of practice and policy, I agree with the Government that, at least in most cases, it makes less sense to sequester expert witnesses than fact witnesses. Expert witnesses typically disclose their opinions, and the grounds for those opinions, in advance of trial. If nothing else, any effort by an expert to alter his or her testimony based on the testimony of other witnesses is likely to be exposed on cross-examination. By contrast, a fact witness may consciously or unconsciously conform his or her recollection to that of a prior witness without detection. Under the circumstances present here, I see virtually no risk of harm or prejudice to either party if the experts are allowed to be present for each other's testimony.
>
> However, that is not the test. Instead, the Rule 615(c) determination in this circuit turns on whether a party "could not effectively function" without having the witness in the courtroom. Under that test, the Government's motion fails. Both experts will be sequestered pursuant to Rule 615 and the trial management order. While this decision likely has the greatest impact on the Government, as Dr. Peterson will testify first (during King's case-in-chief), it will apply with equal force to King. This means, for example, that if King wishes to preserve the possibility of recalling Dr. Peterson as a sur-rebuttal witness, Dr. Peterson will have to remain sequestered even after he testifies during King's case-in-chief.

*Id.* at *2.

In *Meredith Corporation v. United States*, 433 F. Supp. 3d 1109 (S.D. Iowa 2019), the court found that Rule 615(c) applied because the plaintiff's expert in that case was "a person whose presence a party shows to be essential to presenting the party's claim or defense." *Id.* at 1111. The court found that the expert's "ability to opine on those matters, to some extent, may hinge on knowing what fact witnesses said on the stand." *Id.* at 1112.

Here, defendant cannot show that the defense "could not effectively function" without the experts being allowed to listen to each other's testimony. Defendant's expert has examined the electronic evidence in this case, and while he may have a different interpretation of the evidence, he can testify effectively about the evidence he examined without listening to the government witnesses' testimony.

Respectfully submitted,

SEAN R. BERRY
Acting United States Attorney

By: s/ Mark Tremmel

MARK TREMMEL
Assistant United States Attorney
111 Seventh Avenue SE, Box 1
Cedar Rapids, Iowa 52401
(319) 363-6333 / (319) 363-1990 (fax)
Mark.Tremmel@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on May 31, 2021.

UNITED STATES ATTORNEY

BY: s/ Mark Tremmel

COPIES TO: Dan Vondra